JULIUS C. MICHAELSON *vs.* THOMAS A. KENNELLY,
*Public Utility Administrator.*

APRIL 15, 1955.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an appeal by an individual from an order of the public utility administrator granting the petition of the United Transit Company for permission to discontinue the sale and use of tokens in its fare structure on all routes served by the company.

In support of its petition the company presented three witnesses, namely, two of its officers and a consulting engineer. They were cross-examined by counsel for certain objectors who presented no witness in opposition to the petition.

The executive vice-president of the company testified that the records for the month of January 1954 indicated a deficit of $5,319; that for a period of fourteen weeks com-

mencing November 24, 1953 its revenues had decreased 10.72 per cent or $222,915, indicating a degree of permanency comparable to the general situation in the passenger transportation field; that this result supports the company's estimate of an anticipated decline in revenue of 11 per cent throughout the year; that in spite of diligent efforts to effect every possible economy the operating revenues showed a decrease of $212,969 for the first quarter of 1954 as against the same period in 1953. He further testified that the operating ratio before federal income taxes was 96.87 per cent, which percentage he considered critical; that the anticipated loss in revenue for the year 1954 would be $807,000; that the elimination of tokens would result in a fare increase of only about $300,000, wholly out of proportion to the revenue loss; and that "The financial condition of the Company is such that it cannot continue in business if the token is to be retained."

The assistant treasurer of the company testified that if tokens were not eliminated the rate of return would be minus .053 per cent which would not be sufficient even to pay the bond interest for the year 1954, and that the elimination of the tokens would result in a return of only 1.96 per cent on the rate base established at an earlier hearing.

A consulting engineer specializing in passenger transportation problems and engaged in that field for about twenty-five years testified that the elimination of tokens would produce additional revenue of $300,200 for the year 1954, an increase of 4.6 per cent; that a return of 1.96 per cent on the rate base is not sufficient to maintain the company's credit in a satisfactory manner; and that a further rate increase is obviously necessary to produce a fair rate of return on the company's property. In this connection he stated: "Well, I think the economic conditions are a relatively minor factor. The important condition is that the Company's credit must be maintained and its solvency so that it can continue to perform its vital services in the community." On such evidence counsel for the company

contended at the hearing that failure to eliminate tokens would leave it in such a financial condition that it would amount to daily confiscation of its property.

The administrator in his order dated July 7, 1954 granted the petition of the United Transit Company for elimination of the sale and use of tokens, directed the company to make reasonable and fair provisions for the redemption of all outstanding tokens in the hands of the public, and provided that the order should take effect July 11, 1954.

Under his reasons of appeal the appellant contends that the administrator neglected to consider the current economic conditions in this community, and that in so doing he misconceived the law with reference thereto as laid down in previous decisions by this court. In support of this contention he cites the following excerpt from the order of the administrator: "Mr. Michaelson's contention that the Administrator should consider the depressed economic conditions within this State as a basis for denying the Company's petition is not in conformity with a recent decision of our Rhode Island Supreme Court (M.P. 1004) filed August 8, 1952 wherein such a consideration previously made by the Administrator was held to be in error."

It is clear that the administrator erred in his interpretation of our decision in the case referred to above, *United Electric Rys.* v. *Kennelly*, 80 R. I. 64. In that case, at page 69, we pointed out that "the administrator frankly states that his conclusions as to such basic fare structure rested 'primarily upon considerations of the public welfare.'" We did not there hold that he was not entitled to consider the existing economic conditions, but rather that such conditions were factors which he *should* consider in rendering his decision. With reference thereto we held at page 71: "We are of the opinion that the administrator was in error in thus refraining from fully considering and weighing the evidence in relation to the conditions which he found to exist and in balancing reasonably and fairly according to

law the equitable interests of the company on the one hand and the public convenience and welfare on the other."

For that reason we ordinarily would send the case back to the administrator for the complete performance of his duties. However, from the transcript and exhibits before us we are able to determine the correctness of his ultimate decision. The petition is one for partial relief only, thus confining the administrator to a consideration of the remedy prayed for. On the record presently before us we are of the opinion that the company has sustained the burden of proof imposed upon it by law of establishing that necessity required the discontinuance of the use of tokens. The relief granted by the administrator is not unreasonable and does not in the circumstances appear to be prejudicial to the general public. If the prayer of the petition were denied, it is clear from the evidence that the company would probably be threatened with the destruction of its credit and perhaps its solvency. Either of such conditions would be detrimental to the public interest.

From a careful consideration of the entire record we cannot say that the decision of the administrator was clearly unreasonable, illegal, prejudicial, or in excess of his authority, and therefore we will not disturb it. *Berberian* v. *Public Utility Hearing Board,* 83 R. I. 28, and cases cited therein. All other reasons of appeal have been examined and found to be without merit.

The appeal is denied and dismissed, the order appealed from is affirmed, and the records in the case are ordered to be returned to the respondent administrator.

*Michaelson & Stanzler, Julius C. Michaelson,* for appellants.

*William E. Powers, Atty. Gen., Archie Smith, Ass't Atty. Gen.,* for State and respondent administrator.

*Walter F. Gibbons,* for United Transit Company.